# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

DAVID ROLON MORENO; HIRIAM D.
ROLON; and KENIA ROLON,

        Plaintiffs,

vs.                                                    Case No. 6:12-cv-1199-Orl-37DAB

LEHMAN BROTHERS BANK, FSB;
LEHMAN BROTHERS HOLDINGS,
INC.; STRUCTURED ASSET
SECURITIES CORPORATION;
LEHMAN XS TRST 2007-10H;
LASALLE BANK NATIONAL
ASSOCIATION; MORTGAGE
ELECTRONIC REGISTRATION
SYSTEMS, INC.; AURORA LOAN
SERVICES, INC.; ALL PERSONS
CLAIMING BY, THROUGH, OR UNDER
SUCH PERSO; ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL
OR EQUITABLE TITLE, ESTATE, LIEN,
OR INTEREST IN THE PROPERTY
DESCRIBED IN THE COMPLAINT
ADVERSE TO THE PLAINTIFFS' TITLE
THERETO; and DOES 1 to 20,
inclusive,

        Defendants.

_____

## ORDER

This cause is before the Court on the following:

1.     Defendants Lehman Brothers Bank, FSB and Aurora Loan Services LLC's

        Motion to Dismiss Complaint (Doc. 6), filed September 5, 2012;

2.     Defendant Lehman Brothers Holdings, Inc.'s Motion to Dismiss (Doc. 9),

        filed September 11, 2012;

3.     Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to

Dismiss Plaintiffs' Complaint and, in the Alternative, Motion for a More Definite Statement of Claims (Doc. 11), filed September 18, 2012;

4.      Plaintiffs' Opposition to Defendants Lehman Brothers Bank, FSB and Aurora Loan Services LLC's Motion to Dismiss Complaint (Doc. 13), filed September 25, 2012; and

5.      Plaintiffs' Opposition to Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Complaint and, in the Alternative, Motion for a More Definite Statement of Claims (Doc. 16), filed September 28, 2012.

## BACKGROUND

Plaintiffs, appearing *pro se*, bring claims against numerous named and Doe Defendants relating to the securitization and enforceability of a mortgage on a property in Kissimmee, Florida. (Doc. 1.) Plaintiffs allege that the original mortgage lender and subsequent holders of the note improperly assigned or sold the mortgage note and, as such, the mortgage is no longer enforceable. (*Id.* ¶¶ 21–24.) Plaintiffs further contend that the sale of the note itself from the original mortgage lender to subsequent holders renders the note invalid and unenforceable. (*Id.* ¶¶ 25–26.) Based on these allegations, Plaintiffs bring a claim of wrongful foreclosure in Count I, a claim of fraud in Count II, a quiet title claim in Count III, a breach of contract claim in Count IV,[1] a claim for violations of the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq., in Count V, and a claim for violations of the Truth in Lending Act ("TILA") in Count VI.

---

[1] Plaintiffs' fourth count is labeled "Declaratory Relief". Title 28 U.S.C. § 2201 et seq. (the Declaratory Judgment Act), however, does not provide a cause of action or theory of recovery. Plaintiffs must still provide a substantive basis for their claim. Here, the Court construes the claim as one for breach of contract.

(*Id.* ¶¶ 56–112.)

Defendants move to dismiss the complaint for failing to state a claim for which relief can be granted.

## STANDARDS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The federal rules do not require "detailed factual allegations," but a "pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also Randall v. Scott*, 610 F.3d 701, 708-09 (11th Cir. 2010) ("After *Iqbal* it is clear that there is no 'heightened pleading standard' as it relates to cases governed by Rule 8(a)(2), including civil rights complaints.").

In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted). The facts alleged in the complaint must be accepted as true and construed in the light most favorable to the non-movant. *Castro v. Sec'y of Homeland Sec.*, 472 F.3d 1334, 1336 (11th Cir. 2006). Dismissal is warranted if, assuming the truth of the factual allegations of the plaintiffs' complaint, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989); *see also La Grasta v. First Union*

*Securities, Inc.*, 358 F.3d 840, 845–46 (11th Cir. 2004) (holding that a Rule 12(b)(6) dismissal on statute of limitations grounds is appropriate "if it is apparent from the face of the complaint that the claim is time-barred").

## DISCUSSION

Plaintiffs assert two federal claims in their complaint, which form the basis for this Court's subject matter jurisdiction over this action. Defendant Lehman Brothers Holdings, Inc. contends that both of Plaintiff's federal claims are time-barred and therefore must be dismissed.

With regard to the RESPA claim, the relevant statute of limitations for the violations alleged in the complaint is one year. 12 U.S.C. § 2614. TILA also provides a one-year statute of limitations for violations of its provisions. 15 U.S.C. § 1640(e). Plaintiffs' entered into the mortgage contract that is the subject of their claims in April 2007 (Doc. 9, Ex. A),[2] and any claim under RESPA or TILA would have arisen at the time of closing. Thus, Plaintiffs' RESPA and TILA claims would have been time-barred as of April 2008. This lawsuit was not commenced until August 2012. As such, Plaintiffs' RESPA and TILA claims are time-barred and are due to be dismissed with prejudice.

With regard to Plaintiffs' remaining state law claims, the Court notes that its subject matter jurisdiction over this action is predicated upon 28 U.S.C. § 1331, i.e., federal question jurisdiction.[3] Because the Court finds that all of Plaintiffs' federal claims

---

[2] The loan and mortgage contract is integral to the complaint and Plaintiffs' claims. As such, the contract is properly considered on a motion to dismiss. *See Brooks v. Blue Cross & Blue Shield of Fla.*, 116 F.3d 1364, 1369 (11th Cir. 1997) (holding that "where the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleadings for purposes of Rule 12(b)(6) dismissal").

[3] The complaint does not adequately allege diversity jurisdiction, nor does it provide an alternative basis for this Court's subject matter jurisdiction.

are due to be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984) (holding "if the federal claims are dismissed prior to trial, *Gibbs* strongly encourages or even requires dismissal of the state law claims"). Such claims are therefore dismissed without prejudice.

**CONCLUSION**

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1.     Defendant Lehman Brothers Holdings, Inc.'s Motion to Dismiss (Docs. 9) is **GRANTED**. Count V and Count VI of the Complaint are **DISMISSED WITH PREJUDICE**. Plaintiffs remaining claims are **DISMISSED WITHOUT PREJUDICE**.

2.     Defendants Lehman Brothers Bank, FSB and Aurora Loan Services LLC's Motion to Dismiss Complaint (Doc. 6) and Defendant Mortgage Electronic Registration Systems, Inc.'s Motion to Dismiss Plaintiffs' Complaint and, in the Alternative, Motion for a More Definite Statement of Claims (Doc. 11) are **DENIED AS MOOT**.

3.     The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 20, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record
*Pro Se* Parties